**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pravati Capital LLC, et al., | No. CV-24-02119-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | **NOT FOR PUBLICATION** |
| Amy Moore, et al., | |
| Defendants. | |

**I**

Plaintiffs move to quash a subpoena *duces tecum* served on them by Defendants and their counsel.

In a civil matter filed in the United States District Court for the Eastern District of New York ("EDNY"), Defendants, as plaintiffs there in a sex-trafficking case, prevailed against an individual defendant who is not involved in this case. *See Moore, et al. v. Rubin* EDNY Case No. 1:17-CV-06404-BMC ("*Rubin*"). Plaintiffs in this case, Pravati Capital LLC and affiliated entities, financed Defendants' counsel during the *Rubin* litigation.

The District Court in EDNY entered judgment in Defendants' favor in the *Rubin* case. As the successful party, Defendants sought attorney's fees against the defendant. In the context of that issue uncertainty arose over Defendants' own attorney's fees calculation. Defendants and their counsel withdrew their application for attorneys' fees, aligned themselves with the defendant in that case, and proceeded to subpoena documents from Plaintiffs. Defendants want to recover expenses related to an interest reserve charge on the

loan to Defendants' counsel.

Now the plot thickens. Plaintiffs object to the subpoena on several grounds. They argue that Defendants' counsel has improperly created confusion over the attorney's fees issue in *Rubin* to subpoena documents that are unrelated to the *Rubin* suit but might be used by counsel to "escape personal liability in an unrelated matter." (Doc. 20 at 2) According to Plaintiffs, that is a "$16 million award against [Defendant's counsel] and his firm" ordered in arbitration between counsel and Plaintiffs concerning a breach of the loan agreement. (*Id*. at 3) Plaintiffs also report that the arbitrator, a retired chief justice of the Arizona Supreme Court, concluded that counsel "committed breach of contract in connection with his forfeiture of Pravati's collateral following his conversion of client funds, as well as two other breaches." (*Id*. at 5) Moreover, the arbitrator made specific findings about the interest reserve and the amount held back. (*Id*.) As part of a pre-award meet and confer, Plaintiffs provided counsel with "a detailed breakdown of the damages calculation, including an amortization schedule" (*Id*.) The arbitration award is now the subject of a suit in Arizona Superior Court, where Plaintiffs seek a judgment confirming the award and counsel has moved to vacate the award. (Doc. 14-11)

**II**

At the request of a party, Federal Rule of Civil Procedure 45 authorizes an issuing court to command, from a non-party, the production of "documents, electronically stored information, or tangible things." Fed. R. Civ. P. 45(a)(1)(C). The responding party may move to quash the subpoena where, among other things, it "subjects a person to undue burden . . . ." *Id*. 45(d)(3)(A)(iv); *see also Orthoflex, Inc. v. Thermotek, Inc.*, No. 12-MC-00013-PHX-JAT, 2012 WL 1038801, at *1 (D. Ariz. Mar. 28, 2012). As the moving party, Plaintiffs bear the burden of persuasion. *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 504 (E.D. Cal. 2012). "A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement. The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Mizrahi v. Equifax Info. Servs*., *LLC*,

345 F.R.D. 392, 396 (E.D.N.Y. 2024) (cleaned up). "The test for 'relevance,' in the context of a Rule 45 subpoena to a non-party, is no different than the test under Rules 26 and 34." *Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, 385 F. Supp. 3d 863, 873 (D. Ariz. 2019). Non-parties who are entitled to a subpoena are entitled to "extra protection from the courts" and must not be subject to an "undue burden or expense." *Soto*, 282 F.R.D. at 504 (quoting *High Tech Med. Instrumentation v. New Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995), Fed. R. Civ. P. 45(d)(1)).

### III

Plaintiffs primarily argue [i] that the subpoena is untimely because discovery in the underlying litigation has closed long ago and [ii] it does not seek information relevant to that case. Defendants maintain that the subpoena is necessary to help resolve the post-trial attorney's fees issue. They also attack Plaintiffs' cited authorities because they hold only that third-party merits discovery cannot proceed after discovery closes. The cases do not apply to discovery conducted on a post-trial issue.

First, the Court finds that the subpoena is untimely. "Rule 45 does not authorize a party to issue a subpoena after discovery closes . . . ." *Moore v. USC Univ. Hosp., Inc.*, No. CV-07-7850-PA (Ex), 2019 WL 1751817, at *1 (C.D. Cal. Feb. 12, 2019) (quoting *Niemeyer v. Ford Motor Corp.*, No. 2:09-CV-2091 JCM PAL, 2012 WL 6644622, at *1 (D. Nev. Dec. 20, 2012)). Discovery has closed in the *Rubin* litigation and therefore a Rule 45 subpoena is no longer available. Defendants themselves admit in their response brief that the subpoena is unrelated to merits discovery in the *Rubin* litigation.

Second, the Court finds that the information sought is not relevant to Defendants' claims in the *Rubin* litigation. Plaintiffs issued a loan to Defendants' counsel, not to Defendants themselves. The loan was available to counsel for any purpose, not just covering counsel's attorney's fees.

Finally, even if the issue is relevant to the *Rubin* attorney's fees issue, Defendants' counsel already has the information sought. In the breach-of-contract dispute, the arbitrator already found that the interest reserve exists, and Plaintiffs provided him with the

calculation information.

For these reasons, the Court concludes that responding to the subpoena would therefore unduly burden Plaintiffs. The Court will grant Plaintiff's Motion to Quash.[*]

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Quash (Doc. 1) is **GRANTED**. The subpoena issued to Plaintiffs Pravati Capital LLC, Pravati Investment Fund III, LP, and Pravati Investment Fund IV, LP, by the United States District Court for the Eastern District of New York, in *Moore, et al. v. Rubin* EDNY Case No. 1:17-CV-06404-BMC, is **QUASHED**.

**IT IS FURTHER ORDERED** that Plaintiffs may file a Motion for Attorney's Fees and Nontaxable Costs pursuant to Federal Rule of Civil Procedure 54(d) and LRCiv 54.2 within 14 days from the date of entry of judgment. The Court expresses no position on the merits of any such motion in this Order.

**IT IS FURTHER ORDERED** that the stay imposed on the Order granting Defendant's counsel's Motion to Withdraw (Doc. 25) is **LIFTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court must mail a copy of this Order to each Defendant/Respondent listed in page 3 of Docket No. 24-1.

**IT IS FINALLY ORDERED** that the Clerk of Court must enter judgment for Plaintiffs and close this case.

Dated this 26th day of September, 2024.

_____
Michael T. Liburdi
United States District Judge

---

[*] The Court need not resolve Plaintiffs' remaining objections.

- 4 -